UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JESSE LEE ROGERS, <br><br> Plaintiff, <br><br> v. <br><br> M. LEOHR, et al., <br><br> Defendants. | CAUSE NO. 3:25-CV-978-CCB-SJF |

## OPINION AND ORDER

Jesse Lee Rogers, a prisoner without a lawyer, initially filed a complaint against twenty-one defendants with unrelated claims dating back to 1996 and spanning multiple prisons. ECF 1. The court explained that it cannot permit him to proceed on claims arising in different prisons because "[u]nrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rogers was given an opportunity to file an amended complaint with only related claims. He has now filed an amended complaint. ECF 9.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Rogers limits his claims to those that occurred at the Miami Correctional Facility since August 2023. However, he now lists 54 separate defendants, including Indiana Governor Mike Braun, Commissioner Lloyd Arnold, and Mr. Leohr with classification in Indianapolis. ECF 9 at 1-5. Despite suing different defendants about things occurring during a different timeframe, the body of his complaint (ECF 9 at 6-11) has not changed at all. *See* ECF 1 at 3-8.

Rogers begins by asserting that "[e]veryone I have named, has received letters, and notices of what I have been put through, am still going through, but have stood by and not done anything!" ECF 9 at 6. In short, he is attempting to hold 54 separate defendants liable for a variety of alleged wrongs occurring over nearly two and a half years merely because he shared his complaints with them. There is, however, no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. Supervisors can be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). But, "[p]ublic officials do not have a free-floating obligation to put things to rights . . . no prisoner is entitled to insist that one employee do another's job." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). *See also Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (quoting *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009)). As the Seventh Circuit explained in *Burks*:

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Likewise, Rogers cannot hold the governor, commissioner, or any other defendant liable for alleged wrongs attributable to others.

The amended complaint is also full of conclusions that Rogers' rights were violated without facts to support the assertions.[1] Legal phrases, standing alone, are insufficient to state a claim. There must be factual assertions that specific people violated his rights in specific ways to state a claim. Therefore, Rogers may not proceed against any defendant who is not specifically mentioned in the body of his complaint. When the bare conclusions and allegations that are not linked to specific individuals are stripped away, what is left is a series of disconnected events.

Rogers alleges that, sometime in April 2025, a Major "John Doe" stopped Rogers, verbally attacked him, and physically held him in front of L.H.U. This individual ended

---

[1] For example, he writes "I am consistently 'under duress'" and "[a]ll of my civil rights as a prisoner, being neglected by the State of Indiana, I.D.O.C., and the Legal System." ECF 9 at 6. Also, "I suffer pain from the cruelty of the State of Indiana, the Legal System, and I.D.O.C. constantly denying me my civil rights: ADA, First Amendment Rights, Equal Protection, Due Process, State-Created danger, Fourteenth Amendment rights. Fourth Amendment rights against physically abusive conduct – governmental. Eighth Amendment – Cruel & Unusual!" *Id.*

3

up promising to help Rogers obtain clothing and a laundry bag, to replace items that had been stolen, but he did not end up helping Rogers.

On January 20, 2025, Rogers alleges that CO Lewis verbally attacked him and slammed a cuff port in his face when Rogers asked about his medication, which he had not received in a week. Rogers also alleges that Lewis "violently attacked" him while he was handcuffed behind his back later that same day.

On a different occasion,[2] Rogers alleges that Sgt. Graham assaulted him in O.S.B. II as a nurse named Lisa and others watched.

On another occasion,[3] Sgt. Upchurch allegedly lost Rogers' legal work and other property.

On December 13, 2024, Lt. Long[4] allegedly lost Rogers' property.

On February 25, 2025, Rogers was arguing with a doctor that Rogers refers to as the "Fat doctor"[5] about his diet when CO Carpenter[6] asked if Rogers was okay. Rogers told CO Carpenter that "he was not even getting food at all, often times …" ECF 9 at 8.

On March 27, 2025, Sgt. Bales allegedly refused to allow Rogers medical assistance.

When Rogers was in a disciplinary dorm,[7] Ms. Sutton allegedly shared details about his charges with inmates, increasing the risk that Rogers would be harmed.

---

[2] No date is provided.
[3] Again, no date is provided.
[4] Lt. Long is not listed as a defendant.
[5] He lists this individual as "Dr. Keunsley A.K.A. 'Fat Dr.'" He does not refer to him as Dr. Keunsley in the body of his amended complaint.
[6] CO Carpenter is not listed as a defendant.
[7] No date is provided.

4

While Rogers has now limited his claims to those occurring at a single institution, claims are not related merely because they happen at the same facility. Each of the factual allegations outlined above involve separate defendants and separate incidents. If they are not part of the same transaction or occurrence, they cannot be brought in the same lawsuit. The court has already explained that "[u]nrelated claims against different defendants belong in different suits . . .." *George*, 507 F.3d at 607. When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is this court's practice to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

The court could properly limit this case by picking a claim (or related claims) for Rogers because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, the court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . .." *Id*. Both of these solutions pose potential problems. Thus, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes.

5

Rogers will be granted an opportunity to file an amended complaint containing additional factual details and only related claims. After Rogers decides which claim or related claims he wants to pursue, he needs to file an amended complaint including only a discussion of the related claims and defendants. Moreover, he should not write about other events and conditions at the prison which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits. However, if Rogers returns an amended complaint that is not limited to related claims, then the court will pick a claim or group of related claims for him.

If he decides to file an amended complaint, he needs to use this court's approved prisoner complaint form, as required by Northern District of Indiana Local Rule 7-6. He should complete all portions of the form.[8] In the amended complaint, he should avoid using legal jargon and should instead explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) **DIRECTS** the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to Jesse Lee Rogers along with a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form;

---

[8] Rogers left a portion of the last page of the amended complaint incomplete.

(2) **GRANTS** Jesse Lee Rogers until **February 23, 2026**, to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

(3) **CAUTIONS** Jesse Lee Rogers that, if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED on January 16, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT